

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-22-2008

# Clayton v. PA Dept Welfare

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3171

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Clayton v. PA Dept Welfare" (2008). *2008 Decisions.* Paper 63.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/63

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 07-3171

———————————

SAMUEL CLAYTON, JR., M.D.
                                        Appellant

v.

PENNSYLVANIA DEPARTMENT OF WELFARE, by and though their Agent,
Estelle Richman, Secretary, Department of Public Welfare;
HARRISBURG STATE HOSPITAL, by and through their agent, Dr. Ann Shemo,
Medical Director, PA Department of Public Welfare,
Harrisburg State Hospital

———————————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 05-cv-00768)
District Judge: Honorable John E. Jones, III

———————————

Submitted Under Third Circuit LAR 34.1(a)
December 2, 2008

———————————

Before: AMBRO and GREENBERG, Circuit Judges,
and O'NEILL,[*] District Judge

(Opinion filed: December 22, 2008)

———————————

[*]Honorable Thomas N. O'Neill, Jr., Senior United States District Judge for the
Eastern District of Pennsylvania, sitting by designation

AMBRO, Circuit Judge

Samuel Clayton, Jr., M.D. appeals the District Court's grant of summary judgment to Estelle Richman, Ann Shemo, M.D., and the Pennsylvania Department of Public Welfare on (1) his claim of racial discrimination under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. § 951 *et seq.*; (2) his retaliation claim under 42 U.S.C. § 1981, Title VII, and the PHRA; and (3) his hostile work environment and constructive discharge claims. For the following reasons, we affirm.

I.

Because we write only for the benefit of the parties, our recitation of the facts is brief. Dr. Clayton is an African-American physician who was employed part-time from 1985 until his retirement in 2003 at Harrisburg State Hospital ("the Hospital"), a mental health facility operated by the Pennsylvania Department of Public Welfare. Estelle Richman is and has been the Secretary of Public Welfare in Pennsylvania since 2003. Dr. Ann Shemo was the Medical Director at Harrisburg State Hospital from March 2000 until September 2004.

Dr. Clayton filed a charge with the Pennsylvania Human Relations Commission in February 2001 alleging an improper change in his work schedule. In March 2001, he filed an amended charge with the Equal Employment Opportunity Commission

("EEOC"), complaining of multiple discriminatory incidents. The EEOC issued a right-to-sue letter in January 2005, after which Dr. Clayton filed his complaint in the District Court.

In his complaint, Dr. Clayton claimed that he suffered the following individual incidents of discrimination and retaliation between 1999 and 2003: (1) the Hospital reduced his on-call time after a brief period of equalizing on-call hours between full-time and part-time physicians; (2) the Hospital advised him that he might be furloughed to make way for another physician; (3) the Hospital changed his work schedule in a way that interfered with his private practice; (4) the Hospital, at the direction of Dr. Shemo, moved his mailbox to a new administrative building approximately one month before moving all other physicians' mailboxes; (5) the Hospital denied him a specialty board certification bonus; (6) the Hospital removed a second desk from his office for restoration without requesting his consent; (7) Dr. Shemo did not provide him with the specific office she had promised to him; (8) the Hospital neglected to pay him step-cash payments; and (9) the Hospital failed to respond timely to filed grievances. *See Clayton v. Pennsylvania Dep't of Public Welfare*, No. 4:CV 05-0768, 2007 WL 575677, *2–4 (M.D. Pa. Feb. 20, 2007).

The District Court rejected all of Dr. Clayton's claims. As a preliminary matter, it dismissed Ms. Richman as a party, limited Dr. Shemo's liability to claims under § 1981, and dismissed Dr. Clayton's PHRA and § 1981 claims against the Department of Public Welfare. *See id.* at *4–6. The Court also concluded that all of Dr. Clayton's PHRA claims, with the exception of his change in work schedule allegation, were barred for

3

failure to exhaust. *See id.* at *7–8. It determined as well that the statute of limitations barred Dr. Clayton's Title VII on-call-hours claim and all but three of his § 1981 claims. *See id.* at *14–15.

Addressing the merits of Dr. Clayton's discrimination and retaliation claims (including those barred by statute), the District Court held that Dr. Clayton could not make out a *prima facie* case because he could not establish that he suffered an adverse employment action or was subject to a hostile work environment or constructively discharged. *See id.* at *8–13. The Court noted that Dr. Clayton failed to show that similarly situated members of other races were treated more favorably than he was, or that there was any discriminatory or retaliatory motive behind the Hospital's or Dr. Shemo's actions. *See id.*

The Court reaffirmed its conclusions in a denial of Dr. Clayton's motion for reconsideration in June 2007. *See* App. at 4a–20a. Dr. Clayton thereafter timely appealed.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. When the District Court grants a motion for summary judgment, our review is plenary. *See Elsmere Park Club, L.P. v. Town of Elsmere*, 542 F.3d 412, 416 (3d Cir. 2008). Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). We resolve all factual doubts and

4

draw all reasonable inferences in favor of the nonmoving party. *See DL Res., Inc. v. FirstEngergy Solutions Corp.*, 506 F.3d 209, 216 (3d Cir. 2007).

### III.

Dr. Clayton argues that the District Court erred in concluding that (1) his Title VII on-call-hours claim was time barred, (2) he had not presented sufficient evidence of discrimination or retaliatory behavior to defeat summary judgment on his individual discrimination allegation, and (3) he could not establish a claim for a hostile work environment or constructive discharge.

We consider first whether the District Court erred in determining that Dr. Clayton's claim that the Hospital reduced his on-call time for discriminatory reasons was time barred. Title VII requires a claimant to file a charge with the EEOC within 300 days of the allegedly unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1). The Court found that Dr. Clayton's claim of discrimination regarding his on-call time accrued in October 1999 and was barred after June 2000—nine months before his March 2001 filing with the EEOC. *See Clayton*, 2007 WL 575677, at *13. Dr. Clayton retorts that his allotment of reduced hours represented a continuing violation that did not accrue until his departure from the Hospital in 2003. He explains that "this is a 'paycheck' case, and every discriminatory paycheck represents a violation of Title VII." Clayton's Br. at 16; *see also id.* at 44–45 (citing *Bazemore v. Friday*, 478 U.S. 385, 395–96 (1986)). We disagree.

The Supreme Court's recent opinion in *Ledbetter v. Goodyear Tire & Rubber Co.,*

5

*Inc.*, 550 U.S. 618, ___, 127 S.Ct. 2162, 2166–72 (2007), forecloses the argument that each paycheck Dr. Clayton received constituted a new and separate violation of Title VII. The Court in *Ledbetter* stated that "[a] new violation does not occur, and a new charging period does not commence, upon the occurrence of subsequent nondiscriminatory acts that entail adverse effects resulting from past discrimination." *Id.* at 2169. The Hospital made the decision to reduce Dr. Clayton's—and all other part-time physicians'—on-call time in October 1999. *See Clayton*, 2007 WL 575677, at *13. This was a discrete employment decision, about which Dr. Clayton complained to his superiors but did not file a timely EEOC complaint. *See* Clayton's Br. at 42. He thus forfeited his opportunity to file a Title VII complaint regarding his allocation of on-call time, and he cannot now rely on his paychecks to "breathe life into prior, uncharged discrimination." *Ledbetter*, 127 S.Ct. at 2169; *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110–14 (2002).

We next review the merits of Dr. Clayton's individual discrimination claims. To establish a *prima facie* case of racial discrimination or retaliation under Title VII, § 1981, or the PHRA, a claimant must, among other things, demonstrate that he was subject to an adverse employment action. *See Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410–11 (3d Cir. 1999). The District Court held that Dr. Clayton failed to satisfy this requirement because he did not show that he suffered an "action by [his] employer that [was] serious and tangible enough to alter [his] compensation, terms, conditions or privileges of employment." *Clayton*, 2007 WL 575677, at *8 (quoting *Storey v. Burns Int'l Sec.*

6

*Servs.*, 390 F.3d 760, 764 (3d Cir. 2004) (internal quotations omitted)). Our reading of the record confirms that Dr. Clayton is unable to prove that he was subjected to a discriminatory or retaliatory employment action through any of the individual incidents recounted in his claim. We thus have nothing to add to the District Court's thorough analysis, *see Clayton*, 2007 WL 575677, at *8–12; App. at 7a–15a, and we affirm its determination that Dr. Clayton has not raised issues of material fact necessary to survive a motion for summary judgment. *See O'Connor v. Consol. Coin Caterers, Corp.*, 517 U.S. 308 312 (1996).

We conclude by considering the District Court's rejection of Dr. Clayton's hostile work environment and constructive discharge claims. To prevail on a hostile work environment claim under Title VII and the PHRA, Dr. Clayton must show that (1) he suffered intentional discrimination because of his race, (2) the discrimination was severe or pervasive, (3) this detrimentally affected him, (4) it would have detrimentally affected a reasonable person in like circumstances, and (5) a basis for employer liability is present. *See Jensen v. Potter*, 435 F.3d 444, 449 (3d Cir. 2006). Viewing all of the facts in the light most favorable to Dr. Clayton, we conclude that he cannot satisfy this showing because there is no evidence that he suffered intentional discrimination because of his race or that such discrimination was severe or pervasive. The record has nine alleged incidents of discrimination spread over a five-year period. None of these incidents was severe or pervasive in nature, and none was shown by Dr. Clayton to have been racially motivated. Accordingly, the District Court was correct to deny Dr. Clayton's hostile

7

work environment claim.

To establish constructive discharge, Dr. Clayton must show that "the employer knowingly permitted conditions of discrimination in employment so intolerable that a reasonable person subject to them would resign." *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1084 (3d Cir. 1996) (internal quotations omitted). Because Dr. Clayton has failed to present any evidence of racial discrimination, however, he cannot satisfy this requirement. The District Court thus properly granted summary judgment on this claim as well. *Cf. Clowes v. Allegheny Valley Hosp.*, 991 F.2d 1159, 1161–62 (3d Cir. 1993) (holding that objective proof of discrimination is required to sustain an allegation of constructive discharge)

IV.

For these reasons, we affirm the District Court's grant of summary judgment.